Filed 8/23/21

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VIRGIL JEROD WILKINS,<br><br>    Defendant and Appellant. | D078004<br><br>(Super. Ct. No. FVI800686-1) |

APPEAL from an order of the Superior Court of San Bernardino County, J. David Mazurek, Judge. Reversed and remanded.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Jason Anderson, District Attorney, and Cary Epstein, Deputy District Attorney, as Amicus Curiae on behalf of Plaintiff and Respondent.

## INTRODUCTION

"The Eighth Amendment to the United States Constitution, which prohibits the infliction of 'cruel and unusual punishments,' imposes various restrictions on the use of the death penalty as a punishment for crime. One such restriction is that any legislative scheme defining criminal conduct for which death is the prescribed penalty must include some narrowing principle that channels jury discretion and provides a principled way to distinguish those cases in which the death penalty is imposed from the many cases in which it is not. A death-eligibility criterion that fails to meet this standard is deemed impermissibly vague under the Eighth Amendment." (*People v. Bacigalupo* (1993) 6 Cal.4th 457, 462 (*Bacigalupo*).) In California, special circumstance criteria codified in Penal Code section 190.2, including the felony-murder special circumstance set forth in subdivision (a)(17), perform the narrowing function demanded by the Eighth Amendment.[1]

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), which amended the mens rea requirements for the crime of murder and restricted the circumstances under which a person can be liable for murder under the felony-murder rule. This appeal requires us to decide whether Senate Bill No. 1437 eradicated the narrowing function traditionally performed by the felony-murder special circumstance statute.

The trial court found it did, thus rendering the felony-murder special circumstance statute inoperable in practice. Based on this finding, the court found Senate Bill No. 1437 unconstitutionally amended a voter-approved initiative pertaining to special circumstances. After finding Senate Bill No. 1437 unconstitutional, the court struck a petition filed by defendant

---

1 Further undesignated statutory references are to the Penal Code.

Virgil Jerod Wilkins to have his first degree murder conviction vacated under section 1170.95, the resentencing provision of Senate Bill No. 1437.

We conclude the felony-murder special circumstance statute continues to narrow the class of death-eligible murderers notwithstanding the enactment of Senate Bill No. 1437. It circumscribes the overall class of murderers by rendering a mere subclass of murderers—namely, those convicted of first degree felony murder—eligible for the death penalty. Thus, we conclude Senate Bill No. 1437 neither repealed the felony-murder special circumstance statute in practice nor amended any voter-approved initiative.

Given our conclusions, we reverse the trial court order striking the defendant's resentencing petition and remand the matter for further proceedings pursuant to section 1170.95, subdivision (c).

## II

## BACKGROUND

### A

*Defendant's Murder Conviction*

In 2008, a jury convicted the defendant of arson (§ 451, subd. (d)) and the first degree murder of Alberto Cervantes (§ 187, subd. (a)). The trial court sentenced the defendant to prison for a term of 25 years to life for the murder conviction, plus a consecutive term of eight months for the arson conviction. On direct appeal, we affirmed the judgment and the Supreme Court denied review. (*People v. Meeks* (Sept. 7, 2010, D057193) [nonpub. opn.] review den. Dec. 15, 2012, S187238.)

### B

*Senate Bill No. 1437*

In 2018, the Legislature enacted Senate Bill No. 1437, effective January 1, 2019. (Stats. 2018, ch. 1015.) The law's stated purpose was "to

amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Id.*, § 1, subd. (f).)

Senate Bill No. 1437 effectuated this goal by amending section 188, which defines malice, and section 189, which defines the degrees of murder. (Stats. 2018, ch. 1015, § 3.) Amended section 188 states: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Amended section 189 states: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] [or] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).)

Senate Bill No. 1437 also enacted section 1170.95, which provides resentencing relief to eligible defendants. Under subdivision (a), "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition" with the sentencing court to have his or her murder conviction vacated and to be resentenced on any remaining counts "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the

4

prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019" pursuant to Senate Bill No. 1437.

Subdivision (c) discusses the trial court's prima facie review of a resentencing petition. It states as follows: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of [section 1170.95]. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

If an order to show cause issues, the court generally must "hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1)–(2).) At the hearing, the prosecution bears the burden of proving the petitioner is ineligible for resentencing beyond a reasonable doubt. (*Id.*, subd. (d)(3).) "The prosecutor and the petitioner may

rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Ibid*.)

C

*Defendant's Resentencing Petition*

After Senate Bill No. 1437 went into effect, the defendant filed a petition to have his murder conviction vacated and to be resentenced under section 1170.95.

The district attorney moved to strike the defendant's resentencing petition. He argued the petition should be stricken because Senate Bill No. 1437 amended two voter-approved initiatives, Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)),[2] and Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)),[3] in violation of

---

[2] Proposition 7 increased the punishment for first degree murder from life imprisonment with parole eligibility after seven years to a term of 25 years to life, and increased the punishment for second degree murder from a term of five, six, or seven years to a term of 15 years to life. (Prop. 7, §§ 1–2.)

[3] Proposition 115 augmented the list of predicate felonies on which a first degree felony murder charge may be based. (Prop. 115, § 9.) It also amended the special circumstance statute to require a sentence of death or life without the possibility of parole in two situations where the offender is not the actual killer—(1) when he or she aids or supports a killer and acts with the intent to kill; and (2) when he or she is a major participant in a specified felony during which a death occurs, and acts with reckless indifference to human life. (Prop. 115, § 10.) Prior to the passage of Proposition 115, "state law made only those felony-murder aiders and abettors who intended to kill eligible for a death sentence." (*People v. Banks* (2015) 61 Cal.4th 788, 798.)

6

Article II, section 10 of the California Constitution.[4]  According to the district attorney, Senate Bill No. 1437 amended the initiatives by undoing the penalties for conduct that amounted to murder at the time the electorate passed the initiatives.  The district attorney also argued the petition should be stricken because section 1170.95 violated the separation of powers doctrine and Marsy's Law, and "an independent review of the evidence" purportedly showed the defendant was ineligible for relief.

The trial court appointed the public defender's office to represent the defendant in the resentencing proceeding.  Shortly after the appointment, a conflict was declared and conflict counsel was appointed for the defendant.

The defendant filed a pro per opposition to the motion to strike.  The opposition brief summarized Senate Bill No. 1437, without addressing the law's constitutionality or the defendant's eligibility for relief.  The record does not disclose why the defendant filed his opposition brief pro se, apparently without the assistance of his appointed counsel.

Before the court ruled on the motion to strike, the district attorney filed a second motion to strike.  He acknowledged this court's intervening decisions in *People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*) and *Gooden, supra*, 42 Cal.App.5th 270 rejected the constitutional claims he made in the first motion to strike.  Nonetheless, he argued the petition should be stricken for an additional reason not previously raised in the first motion to strike.

As the district attorney explained, Senate Bill No. 1437 amended the state's murder statute so that a defendant may now be convicted of first

---

4     "Under article II, section 10 of the California Constitution, a statute enacted by voter initiative may be amended or repealed by the Legislature only with the approval of the electorate, unless the initiative statute provides otherwise."  (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 279 (*Gooden*).)

7

degree felony murder as an aider and abettor only if he or she aids and abets a murder with the intent to kill, or acts with reckless indifference as a major participant of a felony in which a death occurs—elements that are identical to those dictating whether a murderer is eligible for the death penalty under the felony-murder special circumstance statute. According to the district attorney, this overlap means the felony-murder special circumstance statute no longer narrows the class of death-eligible murderers—a deficiency that effectively "eliminat[es] the People's ability to seek death against accomplices to felony murder." The district attorney claimed Senate Bill No. 1437 thus repealed the felony-murder special circumstance statute in practice. He asserted this repeal, in turn, amended Proposition 7 and Proposition 115 because the voters who approved those initiatives intended some felony murder aiders and abettors to be eligible for the death penalty.

At the hearing on the defendant's petition, the court found Senate Bill No. 1437 was unconstitutional for the reasons stated in the district attorney's second motion to strike. The court opined that "any aider and abettor liable for first degree … felony murder under [Senate Bill No. 1437] is automatically eligible to also receive the death penalty since the definition and elements for felony murder under [Senate Bill No. 1437] and the special circumstance are now not just similar but they are identical." The court further opined that "the effect of [Senate Bill No. 1437] is that the felony murder special circumstance under [section] 190.2(a)(17) and also [section] 190.2(c) and (d) no longer narrows the class of first degree felony [murderers] eligible for the death penalty as constitutionally required. [¶] This, in turn, invalidates and thereby effectively repeals the felony murder special circumstance [statute]. This, of course, the legislature cannot do since [that] provision[] [was] enacted in Proposition 115." On these grounds, the court

8

struck the defendant's resentencing petition without addressing whether he made a prima facie showing of entitlement to relief.

## III

## DISCUSSION

### A

### *Standard of Review*

This appeal requires us to assess the constitutionality of Senate Bill No. 1437. The defendant and the Attorney General contend Senate Bill No. 1437 is constitutional because the felony-murder special circumstance statute still performs its Eighth Amendment narrowing function.

With our permission, the district attorney filed an amicus curiae brief arguing Senate Bill No. 1437 is unconstitutional. He claims Senate Bill No. 1437 is unconstitutional because it purportedly destroyed the narrowing function of the felony-murder special circumstance statute.

The constitutionality of Senate Bill No. 1437 presents a legal issue to which we apply a de novo standard of review. (*People v. Bucio* (2020) 48 Cal.App.5th 300, 307.) We will presume Senate Bill No. 1437 is valid and we will invalidate the law only if a constitutional infirmity is clearly and unmistakably established. (See *Ivory Education Institute v. Department of Fish & Wildlife* (2018) 28 Cal.App.5th 975, 981.)

### B

### *The District Attorney Does Not Have Standing to Vicariously Assert the Defendant's Eighth Amendment Rights*

At the outset, we note there appears to be some confusion among the parties as to whether the district attorney believes Senate Bill No. 1437 is unconstitutional, as applied in this case, because it violates the *defendant's* Eighth Amendment rights. To the extent the district attorney challenges Senate Bill No. 1437 on this basis, we conclude he lacks standing to do so.

9

The rights enumerated in the Eighth Amendment are personal to the defendant. (See *Miller v. Alabama* (2012) 567 U.S. 460, 469 ["The Eighth Amendment's prohibition of cruel and unusual punishment 'guarantees *individuals* the right not to be subjected to excessive sanctions.' "], italics added; accord *Los Angeles Police Dept. v. United Reporting Pub. Corp.* (1999) 528 U.S. 32, 39 ["the personal nature of constitutional rights" is a " 'cardinal principle' of our constitutional order"].) Therefore, as a general rule, no party other than the defendant himself or herself may challenge a statute on grounds that it impinges upon his or her Eighth Amendment rights. (See *In re Cregler* (1961) 56 Cal.2d 308, 313 ["one will not be heard to attack a statute on grounds that are not shown to be applicable to himself"].)

This case does not present an exception to that general rule. The district attorney does "not represent the particularized interests of persons who have been accused of criminal offenses or petitioners seeking relief from convictions," such as the defendant. (*Lamoureux, supra*, 42 Cal.App.5th at p. 267.) Thus, the district attorney does not have standing to challenge Senate Bill No. 1437 based on the law's potential infringement on the defendant's Eighth Amendment rights. (*Ibid.* [district attorney did not have standing to challenge section 1170.95 based on the law's alleged infringement on petitioners' constitutional rights]; accord *Whitmore v. Arkansas* (1990) 495 U.S. 149, 156–161 [third party lacked standing to assert Eighth Amendment violations on behalf of capital defendant].)

C

*Senate Bill No. 1437 Does Not Create a Narrowing Problem*

We now turn to what we discern to be the district attorney's main argument on appeal. He claims Senate Bill No. 1437 amended Proposition 7 and Proposition 115 by repealing the felony-murder special circumstance

10

statute. According to the district attorney, Senate Bill No. 1437 repealed the felony-murder special circumstance statute because it eradicated the constitutionally-required narrowing function previously performed by the felony-murder special circumstance statute. As we will explain, we disagree.

"The United States Supreme Court's capital punishment jurisprudence rests on the principle that ' " 'the infliction of a sentence of death under legal systems that permit this unique penalty to be ... wantonly and ... freakishly imposed' " ' violates the Eighth and Fourteenth Amendments to the federal Constitution." (*Bacigalupo, supra*, 6 Cal.4th at p. 465, quoting *Lewis v. Jeffers* (1990) 497 U.S. 764, 774.) To satisfy the Eighth Amendment, a state's capital punishment scheme must narrow, or "circumscribe[,] the class of persons eligible for the death penalty." (*Zant v. Stephens* (1983) 462 U.S. 862, 879.) "Additionally, it must afford some objective basis for distinguishing a case in which the death penalty has been imposed from the many cases in which it has not. [Citation.] A legislative definition lacking 'some narrowing principle' to limit the class of persons eligible for the death penalty and having no objective basis for appellate review is deemed to be impermissibly vague under the Eighth Amendment." (*Bacigalupo*, at p. 465.)

In California, capital cases proceed in "separate phases." (*Bacigalupo, supra*, 6 Cal.4th at p. 467, citing § 190.1.) "At the initial phase of the trial, the trier of fact decides the issue of defendant's guilt or innocence of first degree murder. If the defendant is found guilty, a determination must be made as to the existence of any 'special circumstances.' " (*Ibid.*, citing §§ 190.1, 190.2.) "If the trier of fact finds at least one alleged special circumstance to be true, the case proceeds to the 'penalty' phase of the trial" during which the trier of fact "select[s] the punishment for [the] defendant

11

who has been found to be within the narrowed class of murderers for whom death would be an appropriate penalty." (*Id.* at pp. 467, 468.)

The special circumstance of relevance here is the felony-murder special circumstance, which applies when a murder is committed "while the defendant was engaged in, or was an accomplice in, the commission of, [or] attempted commission of," an enumerated felony. (§ 190.2, subd. (a)(17).) The felony-murder special circumstance statute applies to a nonkiller if he or she aided and abetted in the commission of murder with the intent to kill (*id.*, subd. (c)), or aided and abetted in the commission of the underlying felony with reckless indifference to human life as a major participant (*id.*, subd. (d)).

Under California's capital sentencing scheme, the special circumstances perform the narrowing function required by the Eighth Amendment. (*Bacigalupo, supra*, 6 Cal.4th at p. 467.) On numerous occasions, our Supreme Court has rejected arguments that the state's death penalty scheme, and the felony-murder special circumstance statute in particular, fail to narrow the class of death-eligible defendants in violation of the Eighth Amendment. (See, e.g., *People v. Schultz* (2020) 10 Cal.5th 623, 682; *People v. Johnson* (2016) 62 Cal.4th 600, 654–655; *People v. Covarrubias* (2016) 1 Cal.5th 838, 934; *People v. Merriman* (2014) 60 Cal.4th 1, 105; *People v. Scott* (2011) 52 Cal.4th 452, 496; *People v. Pollock* (2004) 32 Cal.4th 1153, 1195–1196.) These Supreme Court decisions are binding on this court. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

The district attorney acknowledges these precedents, but contends they are not controlling because they did not decide whether the felony-murder special circumstance statute still performs its narrowing function after the enactment of Senate Bill No. 1437. According to the district attorney, the felony-murder special circumstance statute no longer winnows the class of

12

death eligible murderers because the elements of first degree felony murder (§ 189, subd. (e)) are now identical to the elements of the felony-murder special circumstance statute (§ 190.2, subds. (a)(17), (c), (d)). In other words, the district attorney claims the felony-murder special circumstance statute no longer performs a narrowing function because every person who is convicted of first degree felony murder is now eligible for the death penalty under the felony-murder special circumstance statute.

We are not persuaded by the district attorney's argument. As the Attorney General correctly notes, our role is not to ask whether a given special circumstance narrows an *already-narrowed* subset of murderers (first degree murderers) who have been found guilty of murder under one particular theory of liability (felony murder). Rather, our task is to determine whether the state's capital punishment law genuinely narrows the *entire* class of murderers to a subclass of death-eligible murderers. (See *People v. Beames* (2007) 40 Cal.4th 907, 934 (*Beames*) ["Because the special circumstances listed in section 190.2 apply only to a subclass of murderers, not to all murderers [citation], there is no merit to defendant's contention … that our death penalty law is impermissibly broad."]; *Tuilaepa v. California* (1994) 512 U.S. 967, 972 [to satisfy the Eighth Amendment, an aggravated circumstance "may not apply to every defendant convicted of a murder; it must apply only to a subclass of defendants convicted of murder"]; accord *People v. Landry* (2016) 2 Cal.5th 52, 108 ["There is no requirement at the eligibility stage that a narrowly circumscribed class of defendants for whom the death penalty is reasonably justified be further distinguished according to the particular circumstances that led to their eligibility."].)

The felony-murder special circumstance statute still performs this narrowing function, even after the enactment of Senate Bill No. 1437. It

13

makes a subclass of murderers—first degree felony murderers—death eligible. It does not apply to other murderers such as second degree murderers or simple murderers. Because the statute renders a mere subset of murderers eligible for the death penalty, it sufficiently narrows the overall class of murderers as required by the Eighth Amendment. (See *People v. Bonillas* (1989) 48 Cal.3d 757, 780 ["the statutory scheme making felony murder but not simple murder death eligible does not violate the federal Constitution"]; *People v. Anderson* (1987) 43 Cal.3d 1104, 1147–1148, superseded by statute on other grounds as stated in *People v. Mil* (2012) 53 Cal.4th 400, 408–409 ["[B]y making the felony murderer but not the simple murderer death-eligible, a death penalty law furnishes the 'meaningful basis [required by the Eighth Amendment] for distinguishing the few cases in which [the death penalty] is imposed from the many cases in which it is not.' "].)

Our conclusion is not altered by the fact the elements of first degree felony murder are identical to the elements dictating death eligibility under the felony-murder special circumstance statute. As our Supreme Court has made clear, overlapping culpability and special circumstance elements—even identical ones—do not offend the Eighth Amendment. (*People v. Johnson* (2016) 62 Cal.4th 600, 636 ["the amended lying-in-wait special circumstance would satisfy federal constitutional requirements for death eligibility even were the amendment to have made the special circumstance *identical* to lying-in-wait first degree murder"]; *People v. Catlin* (2001) 26 Cal.4th 81, 158 ["first degree murder liability and special circumstance findings may be based upon common elements without offending the Eighth Amendment"]; see *Lowenfield v. Phelps* (1988) 484 U.S. 231, 246 ["the fact that the

aggravating circumstance duplicate[s] one of the elements of the crime does not make [the] sentence constitutionally infirm"].)

Nor is our conclusion altered by the district attorney's claim that the felony-murder special circumstance statute fails to perform a narrowing function because felony murder "occurs at much greater frequency [than] other murders," such that a disproportionately high *percentage* of convicted murderers are now death eligible under the felony-murder special circumstance statute. "[A]lthough at one time the United States Supreme Court suggested that a constitutionally valid death penalty law must exclude most murders from eligibility for the death penalty, that is no longer the case." (*Beames, supra*, 40 Cal.4th at p. 934.) Given this clarification, our Supreme Court has repeatedly rejected statistics-based overbreadth challenges like the one the district attorney presents here. (*People v. Miles* (2020) 9 Cal.5th 513, 605; *Beames*, at pp. 933–934; *People v. Vieira* (2005) 35 Cal.4th 264, 303–304; *People v. Jones* (2003) 30 Cal.4th 1084, 1127–1128.) These precedents compel us to reject the district attorney's argument.[5]

In sum, the felony-murder special circumstance statute circumscribes the total class of murderers in our state to a subset of death-eligible murderers—specifically, to individuals convicted of first degree felony murder. Senate Bill No. 1437 did nothing to change this fact. Therefore, the felony-murder special circumstance statute continues to perform a narrowing function notwithstanding the enactment of Senate Bill No. 1437. It follows that Senate Bill No. 1437 did not repeal the felony-murder special circumstance statute or amend the voter-approved initiatives at issue.

---

[5] The district attorney's overbreadth argument is unpersuasive for another reason. The district attorney does not cite any evidence from the appellate record or legal authority to support his claims regarding the purported prevalence of felony murder relative to other types of murder.

15

D

*Application to Defendant's Case*

The trial court struck the defendant's resentencing petition based solely on its finding that Senate Bill No. 1437 was unconstitutional. It did not assess whether the defendant made a prima facie showing of entitlement to relief. Further, the parties and the district attorney present no arguments on appeal concerning the sufficiency of the defendant's prima facie showing. Therefore, we reverse the order striking the defendant's petition and remand the matter for further proceeding pursuant to section 1170.95, subdivision (c).

IV

DISPOSITION

The order is reversed and the matter is remanded for the trial court to conduct a prima facie review of the defendant's resentencing petition under Penal Code section 1170.95, subdivision (c).

McCONNELL, P. J.

WE CONCUR:

DATO, J.

GUERRERO, J.

16